UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------x
UNITED STATES OF AMERICA,

            Plaintiff,

  -against-

NADINE AVIA WHITTINGHAM,

            Defendant.
--------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 16-CV-03482-FB

*Appearances*:
*For the Plaintiff*:

BREON PEACE
LAYALIZA SOLOVEICHIK
United States Attorney's Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 1201

*For the Defendants*:

PIETER VAN TOL
Hogan Lovells US LLP
390 Madison Avenue
New York, New York 10017

**BLOCK, Senior District Judge:**

      Plaintiff the United States of America brings this action to denaturalize defendant Nadine Avia Whittingham as a result of her 2008 conviction for bank fraud. The U.S. now moves for judgment on the pleadings, citing the trial record. This Court grants the motion.

1

## I. Facts

In 1995, Whittingham obtained lawful residence status in the United States. In January of 2006, she filed a Form N-400 application for naturalization. She was interviewed in connection with her application that April. As part of the interview process, Whittingham represented that she had never committed a crime for which she was not arrested. On April 25, 2006, Whittingham's application was granted, and on May 12, 2006, she took the Oath of Allegiance and was admitted to U.S. citizenship.

On or about October 16, 2008, a jury in the United States District Court for the Southern District of New York convicted Whittingham of bank fraud and conspiracy to commit bank fraud. The superseding indictment in that case charged Whittingham and her co-defendants with criminal activity extending "[f]rom at least in or about October 2005, up to and including in or about February 2006." Decl. of L. Solovechik, Exhibit G.

## II. Law

### A. Rule 12(c) Standard

A motion for judgment on the pleadings "is designed to provide a means of disposing of cases when the material facts are not in dispute." *Rivera v. Schweiker*, 717 F.2d 719, 722 n.1 (2d Cir. 1983) (quoting 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1367). Akin to a motion to dismiss, all

reasonable inferences must be drawn "in favor of the nonmoving party." *Kass v. City of New York*, 864 F.3d 200, 206 (2d Cir. 2017).

## B. Denaturalization

Title 8, United States Code § 1451(a) mandates revocation of naturalized citizenship upon a showing that the "order and certificate of naturalization were illegally procured or were procured by concealment of a material fact or by willful misrepresentation." Citizenship is "illegally procured" if it was obtained without "strict compliance with all the congressionally imposed prerequisites to the acquisition of citizenship." *Fedorenko v. United States*, 449 U.S. 490, 506 (1981). One such prerequisite is that an applicant for naturalization demonstrate good moral character during "the five years immediately preceding the date of filing his application" and "up to the time of admission to citizenship." 8 U.S.C. § 1427(a). By statute, an applicant cannot satisfy that requirement if he or she committed a "crime involving moral turpitude" during the relevant time period. *See* 8 U.S.C. § 1101(f)(3) (cross-referencing 8 U.S.C. § 1182(a)(2)(A)(i) ).

The government faces a stiff burden when trying to denaturalize those to whom it has granted citizenship: "The evidence justifying revocation of citizenship must be clear, unequivocal, and convincing and not leave the issue in doubt." *Fedorenko v. United States*, 449 U.S. 490, 505 (1981). This burden is "substantially

3

identical" the burden in a criminal case—the government must demonstrate proof beyond a reasonable doubt. *Klapprott v. United States*, 335 U.S. 601, 612 (1949).

### III.  Application

Here, the parties do not dispute that Whittingham was convicted of bank fraud and conspiracy to commit bank fraud. Nor can there be any argument that bank fraud is not a crime of "moral turpitude." *See*, *e.g.*, *United States v. Merino*, No. 20-CV-24093-KMM, 2021 WL 4976248 (S.D. Fla. July 26, 2021), *report and recommendation adopted*, No. 1:20-CV-24093-KMM, 2021 WL 4099055 (S.D. Fla. Sept. 9, 2021). The dispute here is narrow: Whether, as a matter of the pleadings, it is indisputable that Whittingham committed her crimes during the statutory good moral character period. This Court finds that the pleadings reflect that she did, and therefore, the government's motion is granted.

"[A] conviction—whether based on a trial or a guilty plea—is conclusive proof of the underlying facts upon which it rests and the defendant is estopped from litigating those facts in any future proceeding." *S.E.C. v. Penn*, 225 F. Supp. 3d 225, 233 (S.D.N.Y. 2016). Here, Whittingham was convicted of a crime involving moral turpitude—namely, bank fraud and conspiracy to commit bank fraud—for acts that occurred during the statutory lookback period.

Whittingham asserts that judgment on the pleadings is inappropriate because she avers in her answer that she does not recall whether the bank fraud occurred

4

during the statutory period. She is correct that, in general, "[a] party moving for a judgment on the pleadings impliedly admits the truth of its adversary's allegations and the falsity of its own assertions that have been denied by that adversary." 5C C. Wright & A. Miller, FED. PRAC. & PROC. § 1370.

Nonetheless, Whittingham's argument fails for two reasons: First, she does not actually allege the falsity of the government's allegations. Rather, she admits that the "indictment speaks for itself." Answer at ¶¶ 13, 24, 29. Contrary to the arguments in Whittingham's motion papers, that language does not "contest the allegations in the complaint." Opposition at 16. Secondly, even had Whittingham's Answer outright contested the dates in the indictment, "[t]he Court need not accept as true allegations contradicted by judicially noticeable facts . . . without converting the Rule 12(c) motion into a motion for summary judgment." *Balogun v. Winn Law Group, A.P.C.*, 2017 WL 2984075, *3 (C.D. Cal. 2017). Here, the Court may take judicial notice of the trial records referred to in the government's motion.

Whittingham argues that consideration of the substance of her conviction—as opposed to its mere existence—is inappropriate. That argument, too, is unavailing. The cases Whittingham cites dealt with civil litigation bearing little resemblance to this case. "Courts are generally in agreement that a criminal conviction, whether by a jury verdict or guilty plea, constitutes estoppel in favor of the United States in subsequent civil proceedings as to those matters determined by judgment in the

criminal case." *Sec. & Exch. Comm'n v. Thompson*, No. 14-CV-09126 (ALC), 2019 WL 4747678, at *5 (S.D.N.Y. Sept. 27, 2019). That rule rests on a firm logical foundation: It does not make sense to require the government to entirely retry Whittingham, a duplication of effort with no apparent additional value. Moreover, this information is independently appropriate for this Court's review as material integral to the complaint. The Court will consider it.

The trial records demonstrate that a jury convicted Whittingham of bank fraud during the statutory period. Each count of the indictment specifies actions taken between October 2005 through February 2006. So too does the judgment and conviction, which lists "2/28/06" as the end date of the crime. Moreover, at her trial, Whittingham agreed to a stipulation in lieu of witness testimony. In that stipulation, several of her victims reported money fraudulently removed from their accounts during the statutory period. *See* Motion Ex. I. This is sufficient. *See, e.g., United States v. Coloma*, 535 F. Supp. 3d 1279, 1285 (S.D. Fla. 2021) (conviction and judgment evidence of a crime of moral turpitude); *United States v. Merino*, 2021 WL 4976248, at *3 (S.D. Fla. Jul. 16, 2021), R&R adopted, 2021 WL 4099055 (S.D. Fla. Sept. 9, 2021).

Whittingham's commission of bank fraud during the statutory period means she was ineligible to naturalize at the time of her oath of citizenship. Accordingly, the Court must denaturalize her on that basis. *See Fedorenko*, 449 U.S. at 517. The

government's motion is therefore granted.

**SO ORDERED.**

/s/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
June 24, 2022